In re CHEAVER, Valerie Denise a/k/a Teague, Valerie Denise, Debtor.

David B. TATGE, Trustee, Plaintiff,

v.

Valerie D. CHEAVER and the Medlantic Healthcare Group Cash Balance Retirement Plan, Defendants.

Bankruptcy No. 90–00295.
Adv. No. 90–0098.

United States Bankruptcy Court, District of Columbia.

Dec. 5, 1990.

David B. Tatge, Dwight D. Meier, Washington, D.C., for plaintiff.

John P. Devers, Fred S. Somer, Washington, D.C., for defendants.

## DECISION RE MOTION TO DISMISS AND TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

S. MARTIN TEEL, Jr., Bankruptcy Judge.

The plaintiff, the trustee in the debtor's Chapter 7 case, seeks turnover of the debtor's retirement fund. The court concludes that property immune from the reach of creditors under the anti-alienation provisions of ERISA, 29 U.S.C. § 1056(d)(1), is not property of the estate under 11 U.S.C. § 541(c)(2). *In re Moore,* 907 F.2d 1476, 1478 (4th Cir.1990) (citing contrary decisions). Accordingly, the defendant retirement plan's motion to dismiss shall be granted, the trustee's motion for summary judgment denied, and the complaint against the debtor dismissed.

The retirement plan, Medlantic Healthcare Group Cash Balance Retirement Plan, operated by a trust of the same name, provides for employer and employee contributions to be held in trust, with beneficiaries entitled to receive their interests only upon retirement, death or termination of employment with a covered employer. None of these conditions has been met. As required by 29 U.S.C. § 1056(d)(1) for this plan to be ERISA-qualified, the plan contains an anti-alienation clause prohibiting any transfer, voluntary or involuntary, of any benefit which shall be payable under the plan. Not all ERISA-qualified plans (e.g., a church plan) need include an anti-assignment clause and this destroys the trustee's argument that 11 U.S.C. § 522(d)(10)(E) evidences an intention that ERISA plan interests are always estate

property unless qualifying as state law spendthrift trusts.

Under *Moore* the anti-alienation provisions here are enforceable under Federal ERISA law as the "applicable nonbankruptcy law" for purposes of 11 U.S.C. § 541(c)(2) and remove the debtor's interest in the plan from the reach of the estate under § 541(c)(2).

The debtor's ability to reach the trust by terminating her employment has no impact on the anti-assignment provision. Such a provision was present in *Moore;* the estate must be fixed by the debtor's interest as of the date of the petition, with exceptions specified in 11 U.S.C. § 541(a)(5) of no relevance here. Even under state law, substantial authority upholds the spendthrift character (i.e., exemption from the reach of creditors) of a retirement plan despite such an employment termination provision. *In re Kincaid,* 917 F.2d 1162 (9th Cir.1990) (citing contrary cases).

The foregoing conclusion makes moot the need to decide whether the interest could be belatedly exempted by the debtor. It also makes moot the need to decide whether the interest would qualify as nonestate property if District of Columbia law were applied as "applicable nonbankruptcy law" under § 541(c)(2).